

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NOS. WR-85,662-01; WR-85,662-02; WR-85,662-03

### EX PARTE WILLIE ERROL MCALESTER, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS CAUSE NOS. 25768 HC-1; 25916 HC-1; 25916 HC-2 IN THE 6TH DISTRICT COURT FROM LAMAR COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of delivery of a controlled substance in a drug free zone and sentenced to four years' imprisonment in three counts. He did not appeal his convictions.

Applicant's habeas counsel, who was also trial counsel, filed these applications raising a single claim of improper admonishments. That claim is not cognizable on habeas. However, in the sworn allegations of that claim, habeas counsel states that he gave Applicant erroneous advice as to parole eligibility, which may have rendered Applicant's plea involuntary. Because the application contains a sworn statement from counsel admitting to giving bad advice, and this application triggers

the bar on subsequent applications under Texas Code of Criminal Procedure art. 11.07 § 4, this Court has decided to have the trial court further investigate the voluntariness of Applicant's plea and the effectiveness of Applicant's counsel.

In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

Applicant is represented by counsel. However, counsel may have a conflict of interest in this matter. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by different counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regard to whether counsel gave Applicant bad advice which Applicant relied on when accepting his plea. The trial court shall make findings on whether Applicant would have pleaded guilty but for counsel's advice regarding his parole eligibility. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: September 28, 2016
Do not publish